# United States Court of Appeals for the Fifth Circuit

No. 19-60576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 8, 2020

Lyle W. Cayce
Clerk

Kamrul Hasan,

*Petitioner*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 590 675

Before Owen, *Chief Judge*, and Dennis and Ho, *Circuit Judges*.
Per Curiam:*

Kamrul Hasan, a native and citizen of Bangladesh, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60576

We have authority to review only the order of the BIA unless the underlying decision of the Immigration Judge (IJ) influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, because the BIA approved of and relied on the IJ's findings, we review both decisions. *See id.*

In addition, we review an immigration court's findings of fact for substantial evidence. *Id.* Under this standard, this court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 536-37.

First, Hasan argues that the BIA erred in dismissing his claims for asylum and withholding of removal because he established past persecution and a well-founded fear of future persecution by the Awami League due to his membership in the Bangladesh National Party. He contends that his refusal to join the Awami League would compromise his safety if he returned to Bangladesh and discounts the IJ's finding that Hasan could relocate safely to another area of the country.

Substantial evidence supports the BIA's finding that Hasan had failed to show that the Bangladeshi government was unable or unwilling to protect him. *See Wang*, 569 F.3d at 536. Although Hasan detailed how police demanded a bribe from Hasan's father before they would write a report regarding the first attack against Hasan, he did not seek any type of police assistance after the second attack by members of the Awami League. The State Department reports submitted by Hasan do not necessarily bolster his claim of governmental inaction because they showed a decrease in politically motivated killings and explained that the Bangladeshi government had at least enacted steps to remedy police corruption, even if it did not consistently enforce the measures. In the absence of evidence that the Bangladeshi government was unable or unwilling to protect him, Hasan cannot show that

2

the harm he suffered by members of the Awami League rose to the level of persecution. *See Gonzalez-Veliz v. Barr*, 938 F.3d 219, 233 (5th Cir. 2019); *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *Shehu v. Gonzales*, 443 F.3d 435, 437 (5th Cir. 2006); *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). The BIA did not err in dismissing Hasan's claim of asylum based upon political persecution. *See Zhang*, 432 F.3d at 344-45. Because Hasan has not established eligibility for asylum, he necessarily has not established eligibility for withholding of removal. *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006).

Second, Hasan argues that the BIA erred in dismissing his claim for protection under the CAT. He claims that the record establishes that the Awami League has targeted and threatened him and that the police are unwilling to protect him from such intimidation and violence. Hasan avers that some form of torture is more likely than not to occur if he returns to Bangladesh.

Substantial evidence supports the BIA's finding that Hasan had failed to show that he was eligible for CAT protection. *See Zhang*, 432 F.3d at 344-45. Hasan offers only a generalized assertion that he will more likely than not be tortured if he returns to Bangladesh. Such speculation is insufficient to reverse the BIA's determination that Hasan is ineligible for protection under the CAT. *See Gonzalez-Veliz*, 938 F.3d at 225. The BIA therefore did not err in dismissing Hasan's claim for CAT protection. *See Zhang*, 432 F.3d at 344-45.

The petition for review is DENIED.